UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                              Case No. 17-57446

CRYSTAL POSEY-JOHNSON, *pro se*,            Chapter 7

                     Debtor.                              Judge Thomas J. Tucker

_____/

**OPINION AND ORDER DENYING THE DEBTOR'S MOTION
TO REOPEN THIS BANKRUPTCY CASE, BUT GRANTING THE DEBTOR'S
REQUEST TO WAIVE THE FILING FEE FOR THE MOTION TO REOPEN**

This case is before the Court on a motion filed by the Debtor on November 12, 2024, entitled "Motion to Reopen Waive Filing Fee," which the Court construes as a motion to reopen this bankruptcy case, to enable the Debtor to file a Financial Management Course Certificate ("Certificate"), and then receive a discharge (Docket # 18, the "Motion"). The Motion also seeks a waiver of filing fee for the Motion. This case was closed on April 4, 2018, without a discharge, due to the Debtor's failure to timely file the Certificate. The Motion was filed **six years and seven months** after this case was closed. For the following reasons, the Court will deny the Motion.

**A. Background**

The Debtor filed a voluntary petition for relief under Chapter 7 on December 21, 2017, commencing this case. That same day, the Clerk issued a notice that the first meeting of creditors would be held on January 24, 2018 at 10:30 a.m. (Docket # 2, the "Notice"). On December 23, 2017, the Notice was served by the Bankruptcy Noticing Center directly on the Debtor, by first class mail. (Docket # 9 at pdf p. 3).

Under Fed. R. Bankr. P. 1007(b)(7)(A),[1] 1007(c),[2] and 4004(c)(1)(H),[3] and 11 U.S.C. § 727(a)(11),[4] to obtain a discharge under 11 U.S.C. § 727, the Debtor was required to file the

---

[1] Fed. R. Bankr. P. 1007(b)(7)(A) states the requirement for a debtor to file a Certificate. It provides:

> (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
>
> (A) An individual debtor in a chapter 7 . . . case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form[.]

[2] Fed. R. Bankr. P. 1007(c) provides the time limit for filing the Certificate. It states, in relevant part:

> In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code[.]

[3] Fed. R. Bankr. P. 4004(c)(1)(H) states:

> (c) Grant of discharge
>
> (1) In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
>
> . . .
>
> (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management if required by Rule 1007(b)(7)[.]

[4] Under Section 727(a)(11), the court may not grant a discharge to a debtor who has not filed a Certificate. It provides, in relevant part, that with exceptions not applicable here,:

> (a) The court shall grant the debtor a discharge, unless–
>
> . . .
>
> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in

Certificate "within 60 days after the first date set for the meeting of creditors," which meant that the deadline was March 26, 2018.[5]

The Debtor failed to file the Certificate by the March 26, 2018 deadline, or at any time thereafter while the case remained open. The Debtor also failed to file a motion to extend the deadline to file the Certificate.

On April 4, 2018, after the case had been fully administered, the case was closed without a discharge, due to the Debtor's failure to file the Certificate (Docket # 16). Notice that the Debtor's bankruptcy case had been closed without a discharge was served by the Bankruptcy Noticing Center by email on some of the creditors on April 4, 2018, and by mail on the Debtor and on the remainder of the creditors on April 6, 2018. (Docket # 17 at pdf p. 2.) That notice stated: "All creditors and parties in interest are notified that the above-captioned case has been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification About a Financial Management Course." (*Id*. at pdf p. 1).

Six years and seven months later, on November 12, 2024, the Debtor filed the Motion (Docket # 18). The Motion states, in relevant part:

> My case was dismissed due to noncompliance with the credit course. I honestly thought that I had completed the course and sent the document in. I have no problem taking the course if you would please allow my case to be reopened.

(Mot. at ¶¶ 1-2.)

---

section 111[.]

[5] Sixty days after the first date set for the first meeting of creditors (January 24, 2018) was Sunday, March 25, 2018. The next day that was not a Saturday, Sunday, or legal holiday was Monday, March 26, 2018. Therefore, the deadline was Monday, March 26, 2018. *See* Fed. R. Bankr. P. 9006(a)(1)(C).

3

17-57446-tjt    Doc 20    Filed 11/14/24    Entered 11/14/24 15:11:54    Page 3 of 12

**B. Discussion**

The Motion does not allege a valid excuse, for either (1) the Debtor's failure to timely complete the financial management course and file the required Financial Management Course Certificate; or (2) the Debtor waiting six years and seven months after this case was closed before she moved to reopen it.

Section 350(b) of the Bankruptcy Code, Federal Bankruptcy Rule 5010,[6] and Local Bankruptcy Rule 5010-1[7] govern motions to reopen a case for the purpose of filing a Financial Management Course Certificate. Bankruptcy Code Section 350(b) states that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Here, the Debtor seeks to reopen the case, in essence, to move for an order granting the Debtor a retroactive extension of time to file the Financial Management Course Certificate, so the Debtor can obtain a discharge.

"It is well settled that decisions as to whether to reopen bankruptcy cases . . . are committed to the sound discretion of the bankruptcy judge . . . ." *Rosinski v. Rosinski* (*In re Rosinski*), 759 F.2d 539, 540-41 (6th Cir. 1985) (citations omitted). "To make the decision, courts may consider 'the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *1 (Bankr. N.D. Ohio Aug. 22, 2016) (citation omitted). The Debtor has the burden of establishing that "cause"

---

[6] Bankruptcy Rule 5010 states, in relevant part, that "[a] case may be reopened on motion of the debtor . . . pursuant to §350(b) of the Code." Fed. R. Bankr. P. 5010.

[7] Local Bankruptcy Rule 5010-1(b) states, in relevant part that "[a]fter a case is closed, a debtor seeking to file . . a Certification About Financial Management Course . . . must file a motion to reopen the case." LBR 5010-1(b) (E.D. Mich.).

exists to reopen this case. *See id.* (citing *Rosinski*, 759 F.2d 539 (6th Cir. 1985)).

Bankruptcy Rule 9006(b)(3) states, in relevant part, that "the court may enlarge the time to file the statement required under Rule 1007(b)(7) [(the Financial Management Course Certificate)] . . . only to the extent and under the conditions stated in Rule 1007(c). Fed. R. Bankr. P. 9006(b)(3). Bankruptcy Rule 1007(c), in turn, permits a bankruptcy court "at any time and in its discretion, [to] enlarge the time to file the statement required by subdivision (b)(7) [of Bankruptcy Rule 1007(c) (namely, a Financial Management Course Certificate)]." Fed. R. Bankr. P. 1007(c). However, with an exception not applicable here, any such extension "may be granted only on motion **for cause shown** and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c) (emphasis added).

Several reported bankruptcy cases, including cases decided by the undersigned judge, have considered whether "cause" exists to grant a debtor's motion to reopen a case to file a Financial Management Course Certificate after the debtor's case was closed without a discharge. Such cases apply a four-part test, and have denied the motion where the debtor had not completed a post-petition financial management course, and filed the motion to reopen and a Financial Management Course Certificate, all within a relatively short time after the case was closed. The four factors that these cases have considered are: "(1) whether there is a reasonable explanation for the failure to comply; (2) whether the request was timely; (3) whether fault lies with counsel; and (4) whether creditors are prejudiced." *See*, *e.g.*, *In re Barrett,* 569 B.R. 687, 690-92 (Bankr. E.D. Mich. 2017) (applying the 4-part test and denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed

5

the post-petition financial management course and did not file the motion to reopen and the Financial Management Course Certificate until more than 8 years after the case was closed); *In re Chrisman*, No. 09-30662, 2016 WL 4447251, at *2-3 (Bankr. N.D. Ohio Aug. 22, 2016) (denying a debtor's motion to reopen to file a Financial Management Course Certificate where the debtor had not completed the post-petition financial management course and did not file the motion to reopen and the Financial Management Course Certificate until more than 7 years after the case was closed); *In re McGuiness*, No. 08-10746, 2015 WL 6395655, at *2, 4 (Bankr. D.R.I. Oct. 22, 2015) (more than 7 year delay); *In re Johnson*, 500 B.R. 594, 597 (Bankr. D. Minn. 2013) (more than 4 year delay); *cf. In re Heinbuch*, No. 06-60670, 2016 WL 1417913, *3-4 (Bankr. N.D. Ohio April 7, 2016) (approximately 7 year delay).

This Court has denied motions to reopen in numerous cases, where the delay ranged from 10 months to more than 11 and a half years. *See In re Clemons*, No. 23-46569, 2024 WL 4656920 (Bankr. E.D. Mich. Nov. 1, 2024) (delay of 12 months); *In re Gray,* 661 B.R. 570 (Bankr. E.D. Mich. 2024) (delay of more than 15 months); *In re Parker,* 659 B.R. 872 (Bankr. E.D. Mich. 2024) (delay of more than 17 months); *In re Nasralla,* 653 B.R. 247 (Bankr. E.D. Mich. 2023) (Chapter 13 case; delay of six and a half years); *In re Brown*, 651 B.R. 692 (Bankr. E.D. Mich. 2023) (delay of more than a year); *In re Davenport*, 650 B.R. 861 (Bankr. E.D. Mich. 2023) (delay of more than 11 months); *In re Odoms*. 649 B.R. 11 (Bankr. E.D. Mich. 2023) (delay of more than two years); *In re Johnson*, 643 B.R. 190 (Bankr. E.D. Mich. 2022) (delay of more than a year); *In re Flake*, 642 B.R. 261 (Bankr. E.D. Mich. 2022) (Chapter 13 case; delay of more than 3 years); *In re Keller*, 638 B.R. 582 (Bankr. E.D. Mich. 2022) (delay of more than 21 months); *In re Page*, 637 B.R. 1 (Bankr. E.D. Mich. 2022) (delay of more than 19 months); *In

6

*re Williams*, 636 B.R. 484 (Bankr. E.D. Mich. 2022) (delay of more than 20 months); *In re Lewis*, 635 B.R. 157 (Bankr. E.D. Mich. 2022) (Chapter 13 case) (delay of more than two years); *In re Motley*, 635 B.R. 150 (Bankr. E.D. Mich. Jan. 14, 2022) (delay of almost 3 years); *In re Brown*, 634 B.R. 748 (Bankr. E.D. Mich. 2022) (delay of 15 months); *In re Rivera*, 628 B.R. 309 (Bankr. E.D. Mich. 2021) (delay of 2 years and 9 months)*; In re Szymanski,* 625 B.R. 875 (Bankr. E.D. Mich. 2021) (delay of more than 18 months); *In re Hendricks*, 625 B.R. 694 (Bankr. E.D. Mich. 2021) (delay of more than 14 months); *In re Smith,* 625 B.R. 41 (Bankr. E.D. Mich. 2021) (delay of almost 17 months); *In re Lemon*, 625 B.R. 47 (Bankruptcy E.D. Mich. 2021) (delay of 15 months); *In re Aziz*, 622 B.R. 694 (Bankr. E.D. Mich. 2020) (delay of four years and eight months); *In re Smith*, 620 B.R. 888 (Bankr. E.D. Mich. 2020)(delay of two and a half years); *In re Suell*, 619 B.R. 642 (Bankr. E.D. Mich. 2020) (delay of almost two years); *In re Raza*, 617 B.R. 290 (Bankr. E.D. Mich. 2020) (delay of 11 and a half years); *In re Locklear*, 613 B.R. 108 (Bankr. E.D. Mich. 2020) (delay of nearly 12 months); *In re Jackson*, 613 B.R. 113 (Bankr. E.D. Mich. 2020) (delay of 13 months); *In re Szczepanski,* 596 B.R. 859 (Bankr. E.D. Mich. 2019) (delay of more than 15 months); *In re Lockhart*, 582 B.R. 1 (Bankr. E.D. Mich. 2018) (delay of more than 1 year); *Barrett,* 569 B.R. at 688 (delay of more than 8 years); *In re Kessler*, 588 B.R. 191 (Bankr. E.D. Mich. 2018) (delay of 5 years); *In re Moore*, 591 B.R. 680 (Bankr. E.D. Mich. 2018) (delay of 10 months); *In re Garnett*, 579 B.R. 818, 823 (Bankr. E.D. Mich. 2018) (delay of more than 5 and one half years); *In re Rondeau*, 574 B.R. 824 (Bankr. E.D. Mich. 2017) (delay of more than 3 years); *In re Wilson*, 575 B.R. 783 (Bankr. E.D. Mich. 2017) (delay of almost 15 months); *In re Whitaker*, 574 B.R. 819 (Bankr. E.D. Mich 2017) (delay of 11 months); *In re Bragg*, 577 B.R. 265 (Bankr. E.D. Mich. 2017) (delay of almost 11 months).

The Court will apply the four-factor approach in this case. The Court finds that the Debtor has not shown either cause to reopen this case, or cause to grant the Debtor a retroactive extension of the deadline to file the Financial Management Course Certificate.

*Factor 1: whether there is a reasonable explanation for the failure to comply*

The Motion does not demonstrate a reasonable explanation or a valid excuse, (1) why the Debtor failed to timely complete the financial management course and file the required Financial Management Course Certificate, by the March 26, 2018 deadline; or (2) why the Debtor waited six years and seven months after this case was closed on April 4, 2018 before she moved to reopen the case. This factor weighs against granting the Motion.

The Motion states that the Debtor "thought [she] had completed the [financial management] course and sent the [Certificate] in." (Mot. at ¶¶ 3-4.) But, this is not a valid excuse for the Debtor's failure to timely complete the financial management course and file the Certificate. "[O]nce [Debtors] . . . have invoked the benefits and protections of the Bankruptcy Code (including the automatic stay), they then have an obligation to comply with the Bankruptcy Code's requirements that go along with those benefits and protections." *In re Milberg*, 655 B.R. 825, 831 (Bankr. S.D. Fla. 2023). Nor is the Debtor's excuse credible. Well before this case was closed on April 4, 2018, the Debtor knew about the requirement to file the Certificate in order to obtain a discharge, and knew what the deadline was. And the evidence in the record shows that ever since April 2018, the Debtor knew that the case had been closed without a discharge due to her failure to comply with this requirement.

The Debtor received ample advance notice of the requirement to file the Financial Management Course Certificate to obtain a discharge. Although not required to do so, the Clerk

8

of this Court reminded the Debtor of the requirement to file the Financial Management Course

Certificate, and the deadline for doing so, in a notice filed on February 6, 2018. (Docket # 14).

The Bankruptcy Noticing Center mailed the notice to the Debtor by first class mail on February

8, 2018 (*See* Docket # 15 at pdf p. 2). The notice stated:

> **NOTICE OF REQUIREMENT TO FILE A CERTIFICATION ABOUT A FINANCIAL MANAGEMENT COURSE**
>
> Notice is hereby given that, subject to limited exceptions, a debtor must complete an instructional course in personal financial management in order to receive a discharge. Pursuant to Rule 1007(b)(7) of the Federal Rules of Bankruptcy Procedure, the debtor(s) must complete and file a **Certification About a Financial Management Course (Official Form 423)** as described in 11 U.S.C. § 111.
>
> Debtor(s) and/or debtor(s)' attorney is/are hereby notified that **Official Form 423** must be filed before a discharge can be entered. Debtor(s) and/or debtor(s)' attorney is/are hereby notified that in a chapter 7 case the debtor(s) must file **Official Form 423** within 60 days after the first date set for the meeting of creditors under § 341 of the Code.
>
> **Failure to file the certification will result in the case being closed without an entry of discharge**. If the debtor(s) subsequently file(s) a Motion to Reopen the Case to allow for the filing of the **Official Form 423**, the debtor(s) must pay the full reopening fee due for filing the motion.

(Docket # 15) (footnote omitted) (bold in original).

The Debtor does not allege that she did not know that this case was closed without a

discharge, as early as April 2018. The Debtor received the "**NOTICE OF CHAPTER 7 CASE**

**CLOSED WITHOUT DISCHARGE**" in April 2018, which clearly stated: "[this C]ase has

been closed without entry of discharge as Debtor(s) did not file Official Form 423, Certification

9

About a Financial Management Course." (Docket # 17 (bold and capitalization in original).)

The Motion also does not explain why the Debtor waited six years and seven months after the case was closed to move to reopen the case. As already stated, the Debtor was informed, by the notice described above, which was mailed to her on April 6, 2018, that this case had been closed without a discharge, and why it had been so closed.[8] Yet the Debtor did nothing to try to rectify this for six years and seven months afterwards. The Motion alleges no reason, let alone a valid excuse, for such a long delay by the Debtor in moving to reopen this case.

*Factor 2: whether the request was timely*

The delay of six years and seven months in the Debtor moving to reopen this case is far too long. Such long delays frustrate the goals of the legislation which added the financial management course requirement as a condition for obtaining a Chapter 7 discharge. In *Chrisman*, the court explained:

> Congress added participation in a post-petition financial management instructional course as a condition to obtaining a Chapter 7 discharge to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. 11 U.S.C. § 727(a)(11). One of the goals of the legislation and this requirement was to restore individual financial responsibility to the bankruptcy system.
> . . . .
>
> "The main purpose of a bankruptcy filing is to obtain a discharge, and any action that delays that benefit is mystifying and therefore requires additional justification. Justification supports the goals of not only the bankruptcy system, but also the purpose of the financial management course. Allowing a debtor to take the financial management course years after its target completion provides no educational benefit to the debtor for the intervening

---

[8] The Motion does not allege that the Debtor did not receive this Notice. And there is no indication in the record that the mail was returned as undelivered.

10

17-57446-tjt    Doc 20    Filed 11/14/24    Entered 11/14/24 15:11:54    Page 10 of 12

> years and denigrates its purpose. Moreover, it maligns the integrity
> of the system and its fairness to all parties. . . . It is unfair to
> creditors to allow a debtor to avoid the responsibilities established
> by the bankruptcy code and rules, only to later want to fulfill those
> requirements when faced with a resulting unpleasantness."

*Chrisman*, 2016 WL 4447251, at *1, *2 (quoting *Heinbuch*, 2016 WL 1417913, at *2 ). In *Chrisman*, "neither the instructional component nor the paperwork component were timely accomplished," and the court found that "[t]he Congressional purposes in adding the post-petition financial management instructional requirement to the Bankruptcy Code as a condition of discharge [had] been completely stymied." *Id*. at *3.

Here, as in *Chrisman*, the Debtor did not timely complete either the instructional component or the paperwork component of the financial management instructional requirement. It appears from the Motion that, to date, the Debtor still has not taken the financial management course. The Motion states that the Debtor "[has] no problem taking the course if" the Court reopens her case. The Court finds that the Congressional purposes in adding the post-petition financial management instructional requirement have been stymied in this case. The magnitude of the Debtor's delay in completing the financial management course and moving to reopen this case is significant, and this factor strongly weighs against granting the Motion.

### *Factor 3: whether fault lies with counsel*

The Debtor was not represented by counsel in this case. The fault for the Debtor failing to timely take the financial management course and file the Certificate is entirely the fault of the Debtor, in light of the ample notice provided personally to the Debtor of these requirements to obtain a discharge. This factor weighs against granting the Motion.

### *Factor 4: whether creditors are prejudiced*

11

In *Chrisman*, the court reasoned, with regard to the prejudice factor, that "[t]o spring a discharge on creditors more than seven years later that many of them will now not even receive, at peril of violating the unknown discharge, is simply unfair." *Id.* at *3. The delay in this case is just slightly shorter than the delay in *Chrisman*. Generally speaking, the longer the delay, the greater the prejudice. Here, there was a long delay. This factor, therefore, also weighs against granting the Motion.

In summary, all of the relevant factors weigh against a finding of cause to reopen this case. The Debtor have failed to demonstrate cause to reopen this case. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 18) is denied.

2. The Debtor's request to waive the filing fee for the Motion is granted, and such filing fee is waived.

3. The Debtor is not prohibited from filing a new bankruptcy case.

**Signed on November 14, 2024**    /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**